UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:

KEVIN C GLEASON                                             Case Number:17-25508-EPK
                                                            Chapter 13
_____Debtor_____/

KEVIN C. GLEASON and
    PATRICIA E. GLEASON

    Plaintiffs,

v.                                                          Adv. Pro No. 18-10004-EPK

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for Harbor View Mortgage Loan
Trust 2004-8 Mortgage Loan
Pass-through Certificates, Series 2004-8

    Defendant.
_____/

# FIRST AMENDED[1]
# COMPLAINT FOR DECLARATORY RELIEF,
# TO DETERMINE AMOUNT OF SECURED CLAIM
# AND OBJECTION TO CLAIM

Kevin C. Gleason, Debtor ("Gleason"), and Creditor, Patricia E. Gleason ("Mrs. Gleason"), sue Deutsche Bank National Trust Company, as Trustee for Harbor View Mortgage Loan Trust 2004-8 Mortgage Loan Pass-through Certificates, Series 2004-8 ("Deutsche Bank Trust"), for: a declaratory judgment finding that the statute of

---

[1] This Amended Complaint is filed pursuant to Bankruptcy Rule 7015, and Fed.R.Civ.P. 15(a)(1)(B).

limitations for foreclosure has run as to Mrs. Gleason and that Deutsche Bank is precluded from foreclosing on the Note and Mortgage described below; and, assuming enforceability of the Note and/or Mortgage, entry of an order establishing the amount of the allowed secured claim of Deutsche Bank, and say:

## VENUE AND JURISDICTION

1. This case was commenced on January 1, 2018, upon Gleason filing a voluntary petition under Chapter 13 of Title 11, United States Code.

2. This court has jurisdiction over this proceeding pursuant to: The Constitution of the United States, Article I, Section 8; 28 U.S.C. 1334(a),(b),(e); 28 U.S.C. § 157; S.D. Fla. L.R. 87.2; 11 U.S.C. §§105(a), 506; Bankruptcy Rules 3012, 7001, and the Confirmation Order, defined below.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(B), (K), and (O).

4. Plaintiffs consent to entry of final orders or judgment by the bankruptcy court.

## THE PARTIES

5. Gleason and Mrs. Gleason (collectively referred to as "Plaintiffs") have been continuously married from and after November 5, 1989.

6. Mrs. Gleason is a creditor of Gleason, having a right to payment from the proceeds of the sale of the real property described below and referred to as the 1312 Property.

7. Deutsche Bank Trust is a subsidiary of Deutsche Bank National Trust Company Deutsche Bank Holdings, Inc., and is *sui juris.*

## HISTORY OF TRANSACTIONS

8. Plaintiffs have, from and after January 30, 2004, owned the real property, commonly known as 1312 Polk Street[2], Hollywood, Broward County, Florida, as tenants-by-entireties (the "1312 Property").

9. On July 15, 2004, Plaintiffs executed a promissory note (the "Note"), and mortgage (the "Mortgage"), securing the payment of the Note. A copy of the Note is Exhibit 1 to the Complaint, AECF 1[3] (the "Complaint"). A copy of the Mortgage is Exhibit 2 to the Complaint.

10. The Mortgage encumbers the 1312 Property.

## 2010 FORECLOSURE

11. Deutsche Bank Trust, as alleged assignee and holder of the Note and Mortgage, commenced a foreclosure based upon alleged defaults under the Note and Mortgage through a verified complaint filed with the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida ("Broward Circuit Court") on June 14, 2010, which case was assigned Case No. CACE

---

[2] The full legal description of the 1312 Property is included in the Mortgage, Exhibit 2 to the Complaint, and is incorporated herein by reference.

[3] "AECF x" refers to the court paper number in the captioned adversary proceeding.

10024783 (the "2010 Complaint" and the "2010 Foreclosure").

12. In the 2010 Complaint, a copy of which (without its exhibits) is attached as Exhibit 3 to the Complaint, Deutsche Bank Trust accelerated the Note and Mortgage as of June 14, 2010, in paragraph 5, wherein it stated, "Plaintiff declares the full amount due under the note and mortgage to be now due."

13. In the 2010 Complaint Deutsche Bank Trust relied upon a date of default of October 1, 2009.

14. The payment for October 1, 2009, is reflected in the records of the servicer of the Mortgage as having been received on October 16, 2009. See Claim 11-2, filed on October 12, 2016, in Case No. 16-10001-JKP, at page 5/45, entry of 10/16/2009.

15. Plaintiffs were not in default of the Mortgage or Note as of October 16, 2009. See Paragraph 7(A) of the Note.

16. On July 14, 2014, the 2010 Foreclosure was voluntarily dismissed, without prejudice, pursuant to Florida Rules of Civil Procedure 1.420(a)(1)(A). A copy of the Order reflecting voluntary dismissal is attached as Exhibit 4 to the Complaint.

## PATRICIA GLEASON'S BANKRUPTCY

17. On August 31, 2010, Mrs. Gleason became a Debtor in bankruptcy, in a case initiated by a voluntary petition under Chapter 7 of Title 11, United States Code, filed in the United States Bankruptcy Court for the Southern District of Florida,

4

which was assigned Case Number 10-36112-JKO (the "Chapter 7 Case").

18. Mrs. Gleason did not reaffirm the obligations of the Note or Mortgage in the Chapter 7 Case.

19. In her Statement of Intentions, Mrs. Gleason indicated her intention to surrender the 1312 Property.

20. On July 5, 2011, Mrs. Gleason received a discharge of indebtedness in the Chapter 7 Case, which absolved her of any past and future liabilities under the Note and Mortgage as of August 31, 2010.

21. Upon entry of her discharge, and in the absence of a reaffirmation of the Note and Mortgage, Mrs. Gleason had no rights under the Note or Mortgage, including, but not limited to, the contractual right to reinstate as provided in paragraph 19 of the Mortgage.

22. Mrs. Gleason could neither reaffirm the obligations of the Note or Mortgage, nor enjoy the benefits of the Note or Mortgage after entry of her Discharge in the Chapter 7 Case.

23. After August 31, 2010, Mrs. Gleason had no right to avoid foreclosure by paying only the past-due defaults under the Note or Mortgage.

24. After August 31, 2010, Mrs. Gleason had no right to cease enforcement of the Note or Mortgage pursuant to paragraph 19 of the Mortgage.

25. After August 31, 2010, Mrs. Gleason had no liability for any future payments due pursuant to the Note or Mortgage.

26. After August 31, 2010, Deutsche Bank had no right to declare a subsequent and separate alleged default after November 1, 2009, as against Mrs. Gleason.

27. After August 31, 2010, Deutsche Bank had no right to accelerate payment on the Note or Mortgage in a subsequent foreclosure action as against Mrs. Gleason.

28. After August 31, 2010, no subsequent and separate alleged default created a new and independent right in Deutsche Bank to accelerate payment on the Note or Mortgage in a subsequent foreclosure as against Mrs. Gleason.

29. After August 31, 2010, the installment nature of the Note secured by the Mortgage was terminated as against Mrs. Gleason.

## 2015 FORECLOSURE

30. Deutsche Bank Trust commenced a second foreclosure based upon alleged defaults under the Note and Mortgage through a verified complaint filed with the Broward Circuit Court on December 11, 2015, which case was assigned Case No. 2015-CA-021920 (the "2015 Complaint" and the "2015 Foreclosure").  A copy of the 2015 Complaint, without exhibits, is attached to the Complaint as Exhibit 5.

31. In the 2015 Complaint Deutsche Bank Trust recited a date of default of November 1, 2009.

32. No response to the 2015 Complaint was filed by, or on behalf of, Mrs. Gleason.

33. On May 22, 2017, the 2015 Foreclosure was dismissed. A copy of the Stipulation for Voluntary Dismissal and Order of Dismissal is attached to the Complaint as Exhibit 6. The Voluntary Dismissal of the 2015 Foreclosure was pursuant to Florida Rules of Civil Procedure 1.420(a)(1)(B).

34. Under the Note, the next date on which a payment was due after May 22, 2017, was June 1, 2017.

35. Under the Note, the payment due June 1, 2017, could not be considered in default until after June 16, 2017.

### GLEASON'S CHAPTER 11 BANKRUPTCY

36. On January 1, 2016, Gleason became a Debtor-in-possession in bankruptcy by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Florida, which was assigned Case Number 16-10001-JKO (the "Chapter 11 Case").

37. On October 12, 2016, a Proof of Claim was filed on behalf of Deutsche Bank Trust, which claim was assigned Claim No. 11-2, consisting of 45 pages, and asserting an amount due in the sum of $776,049.49, fully secured by the 1312 Property.

38. In his Third Amended Plan (the "Plan"), Gleason provided the following treatment

for Deutsche Bank Trust.

Class 6 consists of claim 3 of Deutsche Bank National Trust Company, as Trustee for the Benefit of the Harborview 2004-8 Trust Fund (herein referred to as "Deutsche Bank Trust") related to an alleged interest in a mortgage recorded in Official Records Book 37888 at Page 584 allegedly encumbering the real property commonly known as 1312 Polk Street,

***

jointly owned by the Debtor-in-possession and his non-debtor spouse. The claimant in this Class shall retain whatever *in rem* rights it may have against the 1312 Property. Upon entry of an order confirming this Plan, the automatic stay of 11 U.S.C. §362 shall terminate, and the claimant in this Class may pursue whatever *in rem* rights it has against the 1312 Property in any court of competent jurisdiction. Neither the Debtor, his spouse, nor any successor owner of the 1312 Property shall be precluded from asserting any defenses or affirmative defenses, including, but not limited to, the statute of limitations or laches in the 2015 Foreclosure Case, or any subsequently commenced or amended foreclosure case regarding the 1312 Property.

39. Deutsche Bank Trust filed a ballot accepting the Plan. See ECF # 161 in the Chapter 11 case.

40. On December 12, 2016, the Clerk of the Bankruptcy Court entered on the docket an Order of the Honorable Judge John K. Olson overruling an objection to Claim 11-2, "without prejudice to the Debtor challenging the amount of the claim of Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2004-8 Mortgage Loan Pass-Through Certificates, Series 2004-8 in any court of competent jurisdiction." See ECF 201 in the Chapter 11 Case.

41. On December 13, 2016, an Order Confirming Plan was entered in the Chapter 11 Case (the "Confirmation Order").

8

42. The Confirmation Order provided that "The Court shall retain jurisdiction as set forth in Article IX of the Plan."

43. Article IX of the Plan provided, in pertinent part,

> Notwithstanding the closing of this case ... the Bankruptcy Court shall retain jurisdiction ... to ...
> G. adjudicate all Claims to any lien on any property of the Debtor or proceeds thereof;
> H. determine the amount of any secured claim;
> I. determine the amount payable to claimants in Classes 6 and/or 7 upon proposed sale of the ... 1312 Property after confirmation of the Plan, including the value of [that property] as of the confirmation date; ... and L. retain jurisdiction over any foreclosure proceedings involving the real properties described herein as the 1312 Property ... to the extent of any federal questions ...

44. On January 20, 2017, the Order of Discharge and Final Decree were entered in the Chapter 11 Case, which discharged Gleason of his obligations under the Note and Mortgage.

45. Gleason did not reaffirm the Note or Mortgage.

46. Upon entry of his discharge, and in the absence of reaffirmation of the Note and Mortgage, Gleason had no rights under the Note or Mortgage, including, but not limited to, the contractual right to reinstate as provided in paragraph 19 of the Mortgage.

### GLEASON'S CHAPTER 13 BANKRUPTCY

47. The captioned case was commenced on January 1, 2018, upon Gleason filing a

voluntary petition under Chapter 13 of Title 11, United States Code.

48. On February 16, 2018, a Proof of Claim was filed on behalf of Deutsche Bank Trust, which claim was assigned Claim No. 2-1, consisting of 69 pages, and asserting an amount due in the sum of $663,818.99, fully secured by the 1312 Property ("Deutsche Bank Claim").

## COUNT I - STATUTE OF LIMITATIONS

Plaintiffs incorporate by reference into Count I the foregoing paragraphs 1 through and including 46.

49. After November 1, 2009, Gleason and Mrs. Gleason have failed to fulfill the requirements of the Note and Mortgage by: failing to make payments; failing to maintain insurance; and failing to place sufficient funds in escrow for the payment of annual *ad valorem* real property taxes.

50. After November 1, 2009, neither Gleason, nor Mrs. Gleason sought to exercise a right to have enforcement of the Note or Mortgage discontinued pursuant to paragraph 19 of the Mortgage.

51. After August 31, 2010, Deutsche Bank Trust had no right to declare a subsequent and separate alleged default, as against Mrs. Gleason.

52. After August 31, 2010, Deutsche Bank Trust had no right to accelerate payment on the Note or Mortgage in a subsequent foreclosure action as against Mrs. Gleason.

53. After August 31, 2010, no subsequent and separate default created a new and independent right in Deutsche Bank to accelerate payment on the Note or Mortgage in a later foreclosure as against Mrs. Gleason.

54. After August 31, 2010, the installment nature of the Note secured by the Mortgage was terminated as against Mrs. Gleason.

55. Under Florida Statute 95.11(2)(c), the period of limitations for foreclosure of the Note and Mortgage against Mrs. Gleason began to run no later than June 14, 2010.

56. Any foreclosure case commenced by Deutsche Bank Trust, or any assignee or agent of Deutsche Bank Trust, to foreclose upon the Note or Mortgage against Mrs. Gleason, on or after June 14, 2015, is beyond the period defined by Florida Statute 95.11(2)(c).

57. Under Florida law, a mortgagee who cannot foreclosure against one tenant-by-entireties cannot foreclose its mortgage.

Wherefore, Plaintiffs request a declaratory judgment determining when the statute of limitations expired as to a foreclosure of the Mortgage and Note regarding Mrs. Gleason, and whether Deutsche Bank Trust is precluded from foreclosing upon the Note and Mortgage.

## COUNT II - OBJECTION TO CLAIM

Plaintiffs incorporate by reference into Count II the foregoing paragraphs 1

through and including 48.

58. This bankruptcy case having been commenced on January 1, 2018, collection of any delinquent amounts prior to December 31, 2013, is precluded by applicable non-bankruptcy law.

59. In any future foreclosure, Deutsche Bank Trust would be required to rely upon a default date on or after June 16, 2017.

60. The Deutsche Bank Claim includes numerous unsubstantiated expenses and escrow items.

Wherefore, Plaintiffs object to the Deutsche Bank Claim, request a determination of the period of time for which Deutsche Bank Trust is entitled to collect on past-due amounts due under the Note and Mortgage, and rule upon the reasonableness of challenged expenses and escrow items.  This request is without prejudice to additional challenges to any amounts sought within the relevant time period.

Respectfully submitted,

*s/Kevin C Gleason*
Kevin C. Gleason, pro se
1504 Summer Ave.
Jupiter, FL 33469-3103
954 893 7670/954 893 7675 Fax
kevincgleason@outlook.com
KGPAECMF@aol.com (service address only)

*s/Patricia E. Gleason*
Patricia E. Gleason
1504 Summer Ave.
Jupiter, FL 33469-3103
954 893 7670/954 893 7675 Fax
peg1701@aol.com
KGPAECMF@aol.com (service address only)